**7**

Walter R. Dahl, CSB No. 102186
**DAHL LAW**
8757 Auburn Folsom Rd #2820
Granite Bay CA 95746-2820
O:     (916) 764-8800
F:     (916) 741-3346
E:     wdahl@DahlLaw.net

Chapter 11 Trustee

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**SACRAMENTO DIVISION**

In Re:

**9250 Big Horn Holdings, Inc.,**
**a California corporation,**

c/o Dahl Law, 8757 Auburn Folsom Rd #2820
Granite Bay, CA 95746-2820
TIN: 47-5547036

Debtor(s).

Case No.:     23-23996-A-11
DC No.:       DL-4

Date:         November 3, 2025
Time:         9:00 AM
Judge:        Clement
Courtroom:    28; Dept A
Place:        501 I Street, 7th Floor
              Sacramento CA 95814

**MOTION BY CHAPTER 11 TRUSTEE FOR AUTHORIZATION TO SELL**
**REAL PROPERTY, AND TO COMPENSATE REAL ESTATE BROKERS & AGENTS**
[11 U.S.C. §§ 363(b)(1) & 330(a); Fed. R. Bankr. P. 6004, 9014 & 2016(a)]

---

**Vacant Land commonly described as:**
**2201 Marconi Avenue, Sacramento, CA 95821**

---

Walter R. Dahl, Chapter 11 Trustee ("Trustee") moves for authorization to sell certain real property commonly described as vacant land at 2201 Marconi Avenue, Sacramento, CA 95821, County of Sacramento ("the Real Property"), and represents as follows:

**Case Status.**

1. Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code [11 U.S.C. § 101 *et seq.*] on November 7, 2023.

2. Trustee was appointed Chapter 11 trustee in Debtor's case on September 30, 2024 [Docket

#173].

3.  Trustee filed a liquidating plan of reorganization and supporting disclosure statement on September 12, 2025 [Docket #234 & #235].  A hearing on Trustee's motion to approve the adequacy of the disclosure statement is set for October 20, 2025 at 9:00 AM.

**2201 Marconi Avenue - Description.**

4.  The Real Property is a vacant parcel of approximately 0.484 acres, more or less located at the northeast corner of Marconi Avenue and Howe Avenue, Sacramento.  The Assessor's Parcel Number of the Real Property is 226-0182-023-0000, and the legal description accompanies this motion as part of Exhibit "B".

**2201 Marconi Avenue - Listing & Marketing.**

5.  During the time Debtor served as Debtor In Possession, it listed the Real Property for sale by Kevin Larscheid ("Mr. Larscheid"), a commercial real estate agent with CBRE Roseville.  A true and correct copy of the listing agreement for the Real Property accompanies this motion as Exhibit "A". Mr Larscheid and CBRE Roseville had been previously engaged by Debtor to market and sell the Estate's other real property [9250 Big Horn Blvd, Elk Grove].  *See*, order authorizing employment filed March 4, 2024 [Docket #91].[1]

6.  Prior to Trustee's appointment, Mr. Larscheid negotiated and documented a sale of the Real Property to Engstrom Properties, Inc.  As of Trustee's appointment, Debtor had not filed a motion to approve the sale to Engstrom Properties, Inc., as the various diligence and entitlement contingencies had not yet obtained.  As noted in the Declaration of Kevin Larscheid which accompanies this motion, that purchase contract was terminated, and at Trustee's direction, Mr. Larscheid commenced re-marketing the Real Property.

7.  Trustee elected to continue to offer the Real Property for sale though Mr. Larscheid and CBRE Roseville. After several significant list price reductions, and extensive effort by Mr. Larscheid to re-expose the Real Property to the market, he ultimately procured the offer which ultimately resulted

---

[1] By Order entered March 4, 2025 [Docket #91], CBRE and Mr. Larscheid were authorized to be employed as real estate broker and agent for the marketing and sale of the primary asset of this bankruptcy case, the medical office building located at 9250 Big Horn Boulevard, Elk Grove, CA.  Until the drafting and filing of this motion, neither Trustee nor Mr. Larscheid realized that such order did not also include the marketing and sale of 2201 Marconi Avenue, Sacramento, CA.

in the purchase and sale agreement which is the subject of this motion.

**Liens & Encumbrances of Record**.

8. Accompanying this motion as Exhibit "B" is a true and correct copy of a Preliminary Title Report for the Real Property, issued by Placer Title Company dated June 24, 2024. The Real Property is encumbered by the following liens and encumbrances, listed in order of priority:

| Entity | Estimated Amount |
|---|---|
| Sacramento Co. Tax Collector - 1st Installment 2025-2026 [2] | $ 4,330.70 |
| Socotra REIT I, LLC [Proof of Claim #2 - est. balance as of 1-Jan-2026] | $ 231,000.00 |
| Column, N.A., dba Northern California National Bank [3] [Proof of Claim #5 & Proof of Claim #6] | $ 0.00 |
| Estimated Total: | $ 235,330.70 |

**Stalking Horse Buyer Purchase and Sale Agreement.**

9. Trustee has entered into a Purchase and Sale Agreement ("PSA") with Old Mine Cabin LLC, or Assignee & Valley Real Estate 84 LLC, or Assignee (the "Stalking Horse Buyer"). A true and correct copy of the PSA accompanies this motion as Exhibit "C". The Stalking Horse PSA provides for a sale price of $350,000.00, subject to over-bidding and court approval. The Stalking Horse Bidder has tendered to Trustee the Initial Deposit of $10, 500.00 via wire transfer.

10. As more fully set forth in the Stalking Horse PSA, the sales price is $350,000.00, which Trustee believes, based upon the Larscheid Declaration which accompanies this motion, represents a fair value for the Real Property.

11. Stalking Horse Buyer understands that the Trustee is obligated to sell the Real Property for the highest and best price, and thus the Stalking Horse PSA is subject to overbidding at the hearing on this motion.

---

[2] On September 29, 2025, Trustee paid $10,367.64 to the Sacramento County Tax Collector in payment of the prior years defaulted property taxes for FY 2023-2024 and 2024-2025 plus interest and penalties, to avoid imposition of additional interest and penalties which would have been assessed on October 1, 2025.

[3] Assuming the pending compromise with Column, N.A. is approved at the hearing set for October 20, 2025, Trustee will disburse the compromise amount to Column, and Column will reconvey its deed of trust encumbering the 2201 Marconi Avenue property. Thus, no additional monies will be disbursed to Column, N.A. following closing of the sale of the 2201 Marconi Avenue property.

**Over-bidder Qualification Procedures.**

12. By this motion, Trustee seeks authorization for the sale of the Real Property to the highest and best qualified bidder to be determined in court at the hearing on this motion ("the Sale Hearing").

13. The terms of sale of the Real Property to any over-bidder shall be the same as set forth in the Stalking Horse PSA, save and except the price.

14. The Stalking Horse PSA provides that Trustee disclaims all representations and warranties, express or implied as to the Real Property, other than the warranty of title, and that the Real Property is being sold "AS IS, WITH ALL FAULTS".

15. The terms of sale include a real estate brokerage fee of 5.0% of the sales price, to be shared equally between Trustee's broker/agent and Buyer's broker/agent (if any), and to be paid directly from escrow upon closing.

16. Additional information regarding the Real Property is available to potential over-bidders by contracting Trustee's real estate agent, Kevin Larscheid of CBRE Roseville. For access, please email Mr. Larscheid: Kevin.Larscheid@cbre.com.

17. Other parties may tender overbids at the hearing, so long as such parties have qualified as an over-bidder by delivering to Trustee on or before **3:00 PM Pacific on or before Thursday, October 30, 2025**:

　　　　a. a substantially identical PSA executed by the over-bidder; and;

　　　　b. an initial deposit of $10,500 via cashier's check or wire transfer.

18. A true and correct copy of the template PSA for use by a qualified over-bidder accompanies this motion as Exhibit "D". Additional copies of the template PSA and wire transfer instructions may be obtained upon email request of Trustee: wdahl@DahlLaw.net.

**The Sale Hearing; Bidding Procedures.**

19. The Sale Hearing shall be held on November 3, 2025 at 9:00 AM Pacific, before the Honorable Fredrick E. Clement, Chief Bankruptcy Judge, at the location identified on the first page of this pleading. Stocking Horse Buyer and any pre-qualified over-bidder shall be entitled to submit overbids at the Sale Hearing.

20. The initial overbid shall be not less than $375,000.00. Thereafter, minimum bidding

increments shall be $10,000.00 or as otherwise determined by the Court.  Bidding shall continue until no higher overbids from qualified bidders are tendered at the Sale Hearing.

21.  At the conclusion of the bidding, the Court shall announce the highest bid amount, and the name of the highest bidder ("Primary Buyer"), and authorize Trustee to sell the Real Property to the Primary Buyer or nominee for the highest bid amount and otherwise upon the terms and conditions set forth in the PSA.  The Court shall also announce the second-highest bid amount, and the name of the second-highest bidder ("Secondary Buyer"), and in the event the Primary Buyer withdraws or otherwise fails to purchase, authorize Trustee to sell the Real Property to the Secondary Buyer or nominee for the second highest bid amount and otherwise upon the terms and conditions set forth in the PSA.

**Contingencies Following Sale Hearing.**

22.  Interested parties should note that the PSA provides for various includes inspection, feasibility, title, tenancy and financing contingencies (exercised subsequent to the Sale Hearing) to the obligation of the Primary Buyer or the Secondary Buyer to purchase the Real Property, which must be satisfied or waived by certain dates.

23.  Interested parties should also note that the PSA provides for an Increased Deposit of $42,000 to be tendered within sixty-five (65) calendar days following tender of the Initial Deposit to Seller, and prior to close of escrow.

**Proposed Disbursement of Proceeds.**

24.  As to the Estate, the sale of the Real Property shall be all cash.  The sales proceeds shall be distributed by the Escrow Holder  in the following priority:

a.  Seller's costs and expenses of sale, including escrow fees, allocated per the PSA.

b.  Seller shall pay the full premium for a CLTA owner's policy of title insurance.

c.  A 5.0% real estate brokerage commission split equally between Trustee's broker/agent, Mr. Larscheid of CBRE Roseville, and Buyer's broker/agent, if any.

d. Pro-rated current year real property taxes, special and general, assessment district and service areas owing to Sacramento County directly or as collection agent, and all delinquent prior years' real property taxes, special and general, assessment district and service areas owing to Sacramento County directly or as collection agent taxes owing to Sacramento County.

e.  Payment in full of the obligation owing to Socotra REIT I, LLC, and secured by its deed of trust encumbering the Real Property.

f.  The balance of the net sales proceeds to Trustee, to be held by Trustee in a separate interest-bearing blocked account pending further order of this court, pursuant to Local Bankruptcy Rule 2015-2(b).

**Benefit to the Estate.**

25.  Sale of the Real Property is consistent with Trustee's proposed plan of reorganization, which provides for a liquidation of the assets of Debtor's Estate.

26.  In the event the Real Property is sold for the price set forth in the Stalking Horse PSA, the Estate will recover significant net proceeds available for administrative expenses and unsecured claims, as indicated below:

| Sales Price | $ | 350,000.00 |
|---|---|---|
| Real Estate Commission (5.0%) | $ | (17,500.00) |
| Estimated Title & Escrow Expenses (2.0%) | $ | (7,000.00) |
| Sacramento County Real Property Taxes (est.) | $ | (5,000.00) |
| Secured Claim (Socotra REIT, LLC) | $ | (231,000.00) |
| Projected Net Proceeds: | $ | 89,500.00 |

WHEREFORE, Trustee prays:

1.  For an order authorizing the sale of the Real Property upon the terms and conditions set forth in this motion;

2.  For an order approving a real estate brokerage commission of five percent (5.0%) of the final sales price obtained for the Real Property to be paid directly from escrow to Trustee's agent/broker, Kevin Larscheid of CBRE Roseville and any agent/broker representing the Buyer, to be split equally between Trustee's agent./broker and Buyer's agent/broker (if any);

/ / /

/ / /

/ / /

3.  For an order authorizing the distribution of the sales proceeds as set forth in Paragraph 24; and,

4.  For such other and further relief as the court deems proper.

Dated:  3-Oct-2025

Walter R. Dahl, Chapter 11 Trustee